IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THOMAS WARD,

     Plaintiff,

     v.                              Case No. 22-2536-JWB-ADM

QUIKTRIP CORPORATION,

     Defendant.

## MEMORANDUM AND ORDER

Plaintiff Thomas Ward brings this action against defendant Quiktrip Corporation ("QT") for damages he sustained when he fell inside a QT store in Gardner, Kansas. This matter is now before the court on QT's Renewed Motion for Sanctions and to Compel Discovery. (ECF 37.) By way of the motion, QT asks the court to (1) compel Ward to supplement his FED. R. CIV. P. 26(a)(1)(A)(iii) damages disclosure and his responses to Interrogatories 2, 3, and 4; (2) sanction Ward under FED. R. CIV. P. 37(b)(2) for failing to obey a discovery order; and (3) bar Ward under FED. R. CIV. P. 37(c)(1) from seeking any damages that were not properly disclosed. Ward's response to the motion was due June 1, 2023. (ECF 35.) To date, Ward has not responded.[1] For the reasons explained below, the motion is granted in part and denied in part.

---

[1] During a discovery conference on June 6, 2023, Ward indicated that he intended to file a motion seeking leave to respond out of time. No such motion has been filed, and, in any event, the court finds no reason to delay ruling QT's motion to compel. As the court explains below, Ward has already agreed to supplement his initial disclosures and discovery responses, and the court denies the motion's other requests for relief.

1

## I.        Request to Compel Ward to Supplement Discovery

QT first moves the court to compel Ward to supplement his Rule 26(a)(1)(A)(iii) damages disclosure and his responses to Interrogatories 2, 3, and 4.  This discovery was the subject of a discovery conference on March 24, 2023.  (ECF 25.)  During the conference, Ward specifically agreed to supplement these initial disclosures and discovery responses by April 28.  (*See id.* at 1-2.)  QT's motion states that Ward has not supplemented his Rule 26(a)(1) disclosure, and that although he did supplement his responses to Interrogatories 2, 3, and 4, those responses remain deficient.  (ECF 37, at 2-4.)

As noted above, Ward did not respond to the present motion.  When a party does not file a timely response to a motion, "the court will consider and decide the motion as an uncontested motion."  D. KAN. RULE 7.1(c).  "Ordinarily, the court will grant the motion without further notice."  *Id.*

Both because Ward previously agreed to supplement the discovery at issue, and because Ward has filed no response to the motion to compel, the court grants the motion as uncontested. Ward is ordered to supplement his Rule 26(a)(1)(A)(iii) damages disclosure and his responses to Interrogatories 2, 3, and 4—fully addressing the current deficiencies identified in QT's motion (e.g., by listing each separate category of damages sought, with separate computations and explanations of how the amounts were calculated)—by **June 21, 2023.**

## II.     Request for Rule 37(b)(2) Sanctions for Failing to Obey a Discovery Order

QT next seeks the entry of sanctions against Ward based on Ward's alleged failure to obey a discovery order.  Rule 37(b)(2) authorizes the court to sanction a party that "fails to obey an order to provide or permit discovery."  QT asserts that during the March 24 discovery conference, the court "ordered the parties to supplement specific discovery items [and] Plaintiff did not comply

2

with that Order." (ECF 37, at 1.)  QT misconstrues the court's actions.  Although the court did issue an order following the conference, the court did not *order* Ward to provide the subject discovery.  Rather, the order stated that it was "intended to memorialize the parties' agreements . . . during the conference." (ECF 25, at 1.)  The order went on to note that "Plaintiff *agreed* to supplement the following discovery disclosures and responses." (*Id.* (emphasis added).)  Thus, Ward has not disobeyed a court order; at most, he reneged on an agreement.  Accordingly, sanctions under Rule 37(b)(2) are not appropriate at this time, so this portion of QT's motion is denied.  Of course, if Ward fails to comply with this order to supplement his disclosure and discovery by June 21, the court will almost certainly impose sanctions (including awarding QT its fees and striking portions of Ward's damage claim).

### III.   Request to Bar Ward from Seeking Damages Under Rule 37(c)(1)

Finally, QT asks the court to bar Ward "from seeking any damages" because he has "refused to provide a computation of any damage category (beyond claiming $61,537.50 without producing any documents or explaining how this amount was calculated) and he has not produced any information or documents supporting his purported damages." (ECF 37, at 5.)

Rule 37(c)(1) generally mandates that if "a party fails to provide information . . . as required by Rule 26(a) . . . , the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial."  But the rule contains an exception when the failure is "harmless." *Id.*  At this juncture, the court cannot determine whether Ward's initial failure to comply with Rule 26(a)(1)(A)(iii) will be rendered harmless.  If Ward supplements his Rule 26(a)(1)(A)(iii) damages disclosure by the June 21 deadline set above, it is possible that any prejudice to QT caused by Ward's initial failings can be ameliorated.  For example, QT will have more than a month to conduct additional damages discovery before the passing of the July 28 discovery deadline.  Thus,

3

this portion of QT's motion is denied as premature.  If, however, Ward's damages disclosures remain deficient, the court will consider a Rule 37(c)(1) remedy in connection with the pretrial order.

**IT IS THEREFORE ORDERED** that QT's Renewed Motion for Sanctions and to Compel Discovery (ECF 37) is granted in part and denied in part, as set forth above.

Dated June 7, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge